1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>MAXIMINO OSUNA-SAMANIEGO,<br><br>Defendant. | NO.  CR-04-167-RHW<br>CV-07-143-RHW<br><br>**ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 PURSUANT TO RULE 4** |

14      Before the Court is Defendant Maximino Osuna-Samaniego's Motion for

15 Time Reduction by an Inmate in Federal Custody Under 28 U.S.C. § 2255 (Ct.

16 Rec. 86).  Defendant currently is incarcerated at the California City Correctional

17 Center.  Defendant pleaded guilty to Possession with Intent to Distribute 50 Grams

18 or More of Actual Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and

19 (b)(1)(A), (Ct. Rec. 56), and was sentenced by this Court to 70 months'

20 incarceration, 3 years supervised release, and a $100 special penalty assessment

21 (Ct. Rec. 64).  Judgment was entered on January 23, 2006.  *Id.*  Defendant filed an

22 appeal on January 20, 2006, and the Ninth Circuit affirmed this Court's judgment

23 on December 27, 2006 (Ct. Rec. 84).  Defendant's motion to vacate, set aside, or

24 correct sentence was filed on May 4, 2007 (Ct. Rec. 86).

25      Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the

26 United States District Courts ("Rule 4"), the Court must independently examine a

27 Section 2255 motion to determine whether summary dismissal is warranted.

28 Dismissal is appropriate if the movant's "allegations, viewed against the record,

ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255
PURSUANT TO RULE 4 * 1

1  either fail to state a claim for relief or are so palpably incredible or patently

2  frivolous as to warrant summary dismissal." *Marrow v. United States*, 772 F.2d

3  525, 526 (9th Cir. 1985); *see also United States v. Leonti*, 326 F.3d 1111, 1116

4  (9th Cir. 2003).  Viewing the record under this standard, the Court finds it

5  appropriate to dismiss the Defendant's motion.

6       Defendant asserts that his sentence should have been reduced under U.S.S.G.

7  § 5.K2.0 because he accepted a final deportation order.  He also argues that he

8  should receive a reduction in his offense level because, as an illegal alien, he is not

9  eligible for certain community confinement programs and cannot be housed in a

10 minimum security facility.  *See* 18 U.S.C. § 3625(c).[1]  At sentencing, the

11 Defendant asked for a reduced sentence based on § 3553(a) factors such as his low

12 criminal history, his limited education, and his efforts to find work upon his arrival

13 in the United States.

14      These claims must fail because the Defendant failed to raise them at

15 sentencing or through direct appeal.  Nonconstitutional sentencing errors not raised

16

17      [1]  Defendant alternately casts his sentencing error claim as an equal

18 protection or due process violation.  This claim may be construed as a federal

19 prisoner's challenge to the execution of his sentence.  *See* 28 U.S.C. § 2241.  These

20 constitutional claims, however, fail on the merits.  The Ninth Circuit has held that

21 the Bureau of Prisons' determination that prisoners with immigration detainers are

22 not eligible for the community confinement benefits outlined in 18 U.S.C. §

23 3625(c) is not a violation of due process or equal protection.  *See McLean v.

24 Crabtree*, 173 F.3d 1176, 1184-86 (9th Cir. 1999) (holding that the Bureau of

25 Prisons' exclusion of prisoners with immigration detainers from eligibility for

26 sentence reduction or community confinement does not violate equal protection or

27 due process), *cert. denied*, 528 U.S. 1086 (2000).

28

ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255
PURSUANT TO RULE 4 * 2

1  on direct criminal appeal are deemed waived for purposes of a section 2255

2  proceeding.  *See United States v. Schlesinger*, 49 F.3d 483, 484-85 (9th Cir. 1995).

3      Accordingly, **IT IS HEREBY ORDERED** that pursuant to Rule 4, the

4  Defendant's Motion for Time Reduction by an Inmate in Federal Custody Under

5  28 U.S.C. § 2255 (Ct. Rec. 86) is **DENIED**.

6      **IT IS SO ORDERED.**  The District Court Executive is directed to enter this

7  Order, forward copies to counsel and the *pro se* Defendant, and **close the file**.

8      **DATED** this 13th day of November, 2007.

9          *S/ Robert H. Whaley*

10          ROBERT H. WHALEY
11          Chief United States District Judge

12

13

14

15  Q:\CRIMINAL\2004\Osuna-Samaniego\2255.dismiss.ord.wpd

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255
PURSUANT TO RULE 4 * 3